# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEBORAH DIANE FLETCHER | * |
| Plaintiff | * |
| v | *   Civil Action Case No. JFM-13-3050 |
| AVENTURA HOSPITAL AND MEDICAL CENTER | * |
| | * |
| Defendant | |

\*\*\*

## O R D E R

On October 15, 2013, self-represented plaintiff Deborah Fletcher, a resident of Baltimore, Maryland, filed the instant action alleging federal question and diversity jurisdiction. She states that on June 24, 2013, staff at Aventura Hospital in Aventura, Florida, injected her with Advil and heroin, causing a "bad reaction." Plaintiff further states that she then gave birth to an infant "that she did not receive." ECF No. 1, p. 2. Plaintiff, who indicates this is a medical malpractice case, seeks $10,000,000 in money damages and requests leave to proceed in forma pauperis.

This court is a court of limited original jurisdiction. It does not sit to review every claim related to state tort claims such as medical malpractice or tortious conduct involving non-federal parties.[1] It only has authority to review such claims if the claims are sufficient to establish federal diversity of citizenship jurisdiction.

When a party seeks to invoke diversity jurisdiction, she bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). The requirement

---

[1] This court does not have original subject matter jurisdiction over such disputes. Further, there are no facts to suggest a federal question is presented pursuant to 28 U.S.C. § 1331.

of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989); *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Plaintiff is a Maryland resident and the defendant allegedly provided medical services to her in Florida. More than $75,000 in damages is claimed. Diversity jurisdiction, therefore, exists under 28 U.S.C. §1332(a). *See also Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011), *citing Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996).

Defendant is a medical services provider located in Florida and the alleged injury occurred in Florida. The case shall be transferred to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

Accordingly, it is this 18th day of October, 2013, by the United States District Court for the District of Maryland, hereby ORDERED:

1. The Clerk SHALL include a copy of this Order and forthwith TRANSFER the case to the United States District Court for the Southern District of Florida, 400 North Miami Avenue, Miami, Florida 33128, for all further proceedings as may be deemed appropriate by that court;

2. The Clerk SHALL MAIL a copy of this order to plaintiff; and

3. The Clerk SHALL CLOSE this case.

\_\_\_\_/s/_____
J. Frederick Motz
United States District Judge